# COMMONWEALTH OF VIRGINIA



### CHESAPEAKE CIRCUIT COURT
Civil Division
307 ALBEMARLE DR. 300A
CHESAPEAKE VA
(757) 382-3037

#### Summons

To: WALMART INC
CT CORPORATION SYSTEM; RA
47010 COX ROAD
STE 285
GLEN ALLEN VA 23060

Case No. 550CL23007648-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Thursday, December 21, 2023

Clerk of Court: ALAN P KRASNOFF

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name: DELOATCHE, JONATHAN R
757-547-5555



## VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF CHESAPEAKE

**SUSAN B. NIXON,**

        **Plaintiff,**

**v.**                                      Civil Action No.: CL23-7648

**WALMART, INC.,**

**and**

**WAL-MART STORES EAST, LP,**

**SERVE:**    **CT Corporation System, Registered Agent**
                **4701 Cox Road, Suite 285**
                **Glen Allen, Virginia 23060**

        **Defendants.**

FILED IN CLERK'S OFFICE
CHESAPEAKE CIRCUIT COURT
2023 DEC 21 PM 12: 21
BY_____
_____ D.C.

### COMPLAINT

    **COMES NOW**, the Plaintiff, **SUSAN B. NIXON,** by counsel, and moves this Court for

entry of an award of judgment in execution in the amount of ONE MILLION TWO HUNDRED

AND FIFTY THOUSAND AND N0/100 DOLLARS ($1,250,000.00), against the Defendants,

**Walmart, Inc.** and **Wal-Mart Stores East, LP,** plus all costs and interest as permitted by law,

and as grounds for such states as follows:

    1.    That on or about July 16, 2022, Plaintiff was a business invitee of Defendants, and

lawfully upon the premises belonging to Defendants located at 632 Grassfield Parkway,

Chesapeake, VA 23322 (hereinafter "Premises").

    2.    That at the same time and place, Defendants owed Plaintiff a duty to use ordinary

care to keep the premises in a reasonably safe condition and to warn Plaintiff of any unsafe or

defective condition that Defendants knew or should have known existed.

Page 1 of 3

3.      That at the same time and place, Defendants, acting through their agents, servants and/or employees, did negligently and carelessly cause a defective condition on the Premises.

4.      That at the same time and place, Defendants knew or should have known of this defective condition and were negligent in failing to warn Plaintiff of or correct the defective condition.

5.      That as a direct and proximate cause of Defendants' negligence, Plaintiff slipped and fell on the Premises.

6.      That as a direct and proximate cause of Defendants' negligence, Plaintiff has incurred severe and permanent bodily injury; has suffered past, present and future physical pain and mental anguish; has sustained permanent disability, deformity and loss of earning capacity; has incurred and will incur in the future hospital, doctors and related bills in an effort to be cured of said injuries; has been prevented from transacting her business resulting in a loss of wages; has been greatly inconvenienced and has incurred other out-of-pocket expenses and damages resulting from this occurrence.

7.      That the Plaintiff hereby demands a trial by jury.

**WHEREFORE**, the Plaintiff, **SUSAN B. NIXON**, by counsel, moves this Court for entry of judgment in execution against the Defendants, **Walmart, Inc.** and **Wal-Mart Stores East, LP ("Walmart"),** in the amount of ONE MILLION TWO HUNDRED AND FIFTY THOUSAND DOLLARS AND N0/100 DOLLARS ($1,250,000.00) plus all costs and pre-judgment and post-judgment interest as permitted by law.

                                        **SUSAN B. NIXON**

                                        By: _____
                                                **Of Counsel**

Page **2** of **3**

Jonathan R. Deloatche, *Esquire* [VSB#: 39765]
Joshua D. Barbosa, *Esquire* [VSB#: 95685]
Williams DeLoatche, P.C.
4092 Foxwood Drive
Virginia Beach, VA 23462
Phone: (757) 547-5555
*Facsimile*: (757) 547-5515
Email: *jdeloatche@wd-law.com*
Email: *jbarbosa@wd-law.com*

**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF CHESAPEAKE**

SUSAN B. NIXON,

        Plaintiff,

v.                                    Civil Action No.: CL23. 7648

WALMART, INC.,

and

WAL-MART STORES EAST, LP,

SERVE:      Registered Agent
              CT Corporation System
              4701 Cox Road, Suite 285
              Glen Allen, Virginia 23060

         Defendants.

*(stamp, right margin:)* FILED IN CLERK'S OFFICE — CHESAPEAKE CIRCUIT COURT — 2023 DEC 21  PM 12: 22 — BY _____ D.C.

<u>**PLAINTIFF'S FIRST SET OF INTERROGATORIES,**</u>
<u>**REQUESTS FOR PRODUCTION OF DOCUMENTS AND**</u>
<u>**REQUESTS FOR ADMISSION TO THE DEFENDANTS**</u>

      **COMES NOW**, the Plaintiff, **SUSAN B. NIXON**, by counsel, and propounds the following Interrogatories, Request for Production of Documents, and Requests for Admission upon the Defendants pursuant to the Rules of the Supreme Court of Virginia with said Interrogatories to be answered under oath and documents produced to the offices of WILLIAMS DELOATCHE, P.C., 4092 Foxwood Drive, Virginia Beach, VA 23462 within twenty-eight (28) days of service.

<u>**DEFINITIONS**</u>

      A.  The terms "of which you have knowledge" or "your knowledge" or any like term includes knowledge of the claimant and knowledge of any person or firm including defendant's attorney, unless privileged, acting on defendant's behalf at any and all times.

Page 1 of 14

B. "Produce" means produce in physical and electronic form. If production cannot be made, then defendant must state such and make available, or authorize the obtaining of any material requested to be produced, said production or making available to be for the purpose of inspection and copying.

C. "Document" is an all-inclusive term and means the original or any authentic hard copy and electronic / digital copy of a writing or other form of record preserving information which is or may be in the possession, custody or control of the defendant or of which defendant has knowledge of whether or not in the possession, custody or control of the defendant and whether or not claimed to be privileged against discovery on any ground including, but not limited to, reports, records, lists, checks, receipts, invoices, memoranda, correspondence, telegrams, communications, schedules, photographs, drawings, charts, recordings, films, or any other form of preserved information. If privilege is claimed in response to any Request for Production, then defendant must include in its response/s a "privilege log" itemizing the material or documents withheld from production by date, addressee/s, author, title, and subject matter. In addition, defendant must identify those persons who have seen the document or to whom copies were sent. Finally, defendant must state with particularity the ground/s for asserting the privilege for each and every document.

D. "Identify", "identity", or "identification" when used in reference to an individual person, company or other entity means to state the full name, business address, home address, all known telephone numbers of the individual, person, company, and/or other entity, and in the case of a person, his/her business affiliation and last known position, and when such words are used in reference to a document means to describe said document including the nature and

content thereof, the date thereof, the name and address of the author thereof, or participant therein, the present location of the person or entity having custody thereof.

E. Unless otherwise indicated, these Interrogatories and Requests for Production refer to the time, place and circumstances of the occurrence mentioned or complained of in the pleadings. The terms "incident," "occurrence," and/or "accident" are used interchangeably and each and all terms refer to the time, place and circumstances of the occurrence mentioned or complained of in the pleadings.

F. If an objection is made to any Interrogatory or Request for Production, a full answer/ response should be made to such part of the interrogatory / request that is not considered objectionable.

G. Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives and, unless privileged, his or her attorneys. When answer is made by a corporate and/or governmental entity defendant, state the name, address and title of the person supplying the information and making the affidavit, together with the source of his or her information. If the information sought in the interrogatory cannot apply to the corporate and/or governmental entity defendant, the interrogatory seeks information about the operator/s / driver/s of the vehicle/s employed by or on behalf of the corporate and/or governmental entity defendant.

The duty to respond to these interrogatories and requests for production is continuing and any responses are to be supplemented upon defendant obtaining any knowledge or additional information, including corrections. Theses definitions also apply to any additional or subsequent discovery propounded to defendant/s by the plaintiff in this case unless otherwise specified.

## **INSTRUCTIONS**

1.      Separately answer each part of each Interrogatory.

2.      For each document or other requested information asserted to be privileged or otherwise excludable from discovery, identify that document or other requested information. State the specific basis for such claim of privilege or other ground for exclusion. For each such document state the date of the document, the name, job title and address of the person who prepared it; the name, address and job title of the person to whom it was addressed or circulated or who saw it; the name, job title and address of the person now in possession of the document; and, a description of the subject matter of the document.

3.      For any requested document no longer in existence or which cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located and the reasons therefore, and identify each person having knowledge concerning such disposition or loss and each document evidencing its prior existence and/or the fact concerning such document's nonexistence or loss.

4.      Whenever you are requested to give specific information, such as a date or figure, and you cannot give the exact information, state that you cannot give the exact information and give your best estimate thereof.

5.      In response to each Interrogatory, identify each person who participated in the preparation of the response, including without limitation all persons who drafted proposed or actual responses or who provided information or documents to be used in the preparation of responses, and identify and describe each file and each document consulted or referred to in the preparation of the answer.

6.    Unless otherwise specified, each Interrogatory requires a continuing response, and you are requested to reasonably supplement or amend your responses to these Interrogatories based upon any and all information and documents obtained after filing such responses.

## **INTERROGATORIES**

1.    State the full name and present address of the person who is executing these answers on behalf of the Defendant.

**ANSWER:**

2.          With regard to the incident referred to in the Complaint, please set forth the following:

(a)    Your understanding of the facts and circumstances of the Incident which caused said injuries to Plaintiff;

(b)    Whether there existed, as of the date of such incident, a procedure under which  such incidents, if any, were reported to you;

(c)    Whether such a report relating to such incident was in fact prepared by any person; and

(d) .  The name, business and residence address and telephone number of the present custodian of any report identified in your answer to the foregoing subpart to this Interrogatory.

**ANSWER:**

3.    Please state the names of any and all employees, agents or representatives of any other party that have knowledge of the incident in which Plaintiff was injured.

**ANSWER:**

Page 5 of 14

4.      State whether any employees, agents or representatives of Defendant were aware of any defective condition which caused the injuries set forth in Plaintiff's Complaint prior to the time and date upon which plaintiff was injured.

**ANSWER:**

5.      Set forth whether any employees, agents or representatives of Defendant provided any prior warning, of any nature or description, as to any alleged defective condition which contributed to the injuries alleged in Plaintiff's Complaint.

**ANSWER**:

6.      If your answer to the foregoing Interrogatory is in the affirmative, please set forth:

(a)     The nature, description and wording of any such warning;

(b)     The name, business and residence address and telephone number of any individual or entity who participated in drafting the wording of any such warning or identifying any dangers or defects in the subject premises;

(c)     The means by which you contend such warning was transmitted to the Plaintiff, if any;

(d)     The identification, with such particularity as you would require in a request for production, of each and every writing pertaining to the creation or transmittal of any such warning, if any; and

(e)     The identity of the present custodian of any writing identified in your answer to the foregoing subpart of this interrogatory.

**ANSWER:**

7.      If you contend that any danger or defect which caused the injuries set forth in Plaintiff's Complaint was obvious, such that no prior warning thereof by you was required, then set forth:

(a)      Each and every fact, condition, or event upon which you base your contention that said danger or defect was obvious or readily appreciable by the Plaintiff;

(b)      Whether you contend that the Plaintiff was actually aware of said danger or defect;

(c)      The identity of any person or entity who possesses or claims to possess knowledge of any fact which you contend supports your contention that said danger or defect was obvious; and

(d)      An identification of each document relating to said contention and the identity of the individual in possession of such document.

**ANSWER:**

8.      Describe the physical condition of the area where Plaintiff slipped and fell on the last occasion prior to the incident in that area as inspected or observed by any employees, agents or representatives of the Defendant.

**ANSWER:**

9.      Describe the physical condition of the area where the Plaintiff slipped and fell, on the first occasion that any representative of Defendant inspected it following the incident which is alleged in Plaintiff's Complaint.

**ANSWER:**

10.     State each and every fact which Defendant will rely on in support of your contention, if any, that the Plaintiff was contributorily negligent or assumed the risk in contributing to cause the incident. You should include in your answer opinions or contentions that relate to facts or application of law to fact in accordance with Rule 4:1(b).

**ANSWER:**

11.     Describe in detail and as close to verbatim content as any representative, employee of agent of Defendant can recall, any and all oral, written, signed or recorded statements, sounds, words, utterances, speech or noises made by the Plaintiff regarding the incident whether made to a member of your company or in your employee or representative's presence, or which have been made to any person or your representative which you or your attorney are now aware. As to each such statement, give the date, time and place thereof and the names and addresses of the persons present when each such statement was made.

**ANSWER:**

12.     Please describe in as close to verbatim content as a representative of Defendant can recall, all oral, written, signed or recorded statements regarding the incident made by any witness to the Plaintiff, you or any other person at any time regarding the incident which any representative of your company or your attorney are now aware. As to each such statement give the date, time and place of the statement and the names and addresses of the persons present when each such statement was made.

**ANSWER:**

13.     Please describe all liability insurance policies in effect at the time of the alleged occurrence which may insure Defendant's actions, including the name of the insurance company, named insureds, policy numbers, limits of liability coverage, limits of medical payments coverage, any defenses to coverage which your insurance company may have and the specific facts upon which these defenses rely.

**ANSWER:**

14.     State the names and addresses of all persons having personal knowledge of events leading up to, during, or following the alleged occurrence, damages, facts relating to the impeachment or credibility of witnesses or of any knowledge whatsoever of any discoverable matter pertaining to this action.

**ANSWER:**

15.     Identify each and every expert Defendant intend to call as a witness, the subject matter about which you expect each such expert to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion

**ANSWER:**

16.     If any representative of Defendant contends that any or all of the injuries claimed by the Plaintiff are not the result of the incident giving rise to this lawsuit, please describe the basis of any such contention, identify all facts which support the contention and all persons with knowledge of those facts, which specific claimed injuries you contend are unrelated and the specific event/incident, and what, if any, you contend brought about the unrelated injuries.

**ANSWER:**

17.     If any representative of Defendant contends that any or all of the medical charges claimed by the Plaintiff are not reasonable in amount or are for treatment or items not medically necessary to treat the Plaintiff for claimed incident related injuries, please describe the basis of any such contention, identify all facts which support the contention and all persons with knowledge of those facts, which specific bills you contend are unreasonable or not medically necessary, if any, and the amount you contend would be a reasonable charge.

**ANSWER:**

18.     Identify all expert witnesses who have been retained or specially employed by any representative of Defendant, your attorney, or any other person acting on your behalf in anticipation of litigation or preparation of trial and who is not expected to be called as a witness at trial, whose facts or opinions are impractical for the plaintiff to obtain by other means in accordance with Rule 4:1(b)(4)(B). With respect to each expert, state the subject matter on which the expert has obtained facts or opinions, the substance of the facts and opinions to which the expert would testify if called as a witness and a summary of the grounds for each such opinion.

**ANSWER:**

19.     Please identify any and all training provided to the Defendant's employee in question who was involved in the incident with the Plaintiff.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.      Each and every document referred to in your answer to Interrogatory number 2.

**RESPONSE:**

2.      Every statement, written or recorded, made by the Plaintiff and identified in interrogatory number 10.

**RESPONSE:**

3.      Every statement, written or recorded, made by Defendant or its representatives and identified in these Interrogatories.

**RESPONSE:**

4.      Every insurance policy which you refer to in interrogatory number 12.

**RESPONSE:**

5.      Every report of every nature whatsoever, including written reports, of all expert witnesses which you identified or referred to in interrogatories number 14 and/or 17.

**RESPONSE:**

6.      Each and every document, writing, paper, or letter which you intend to utilize as a basis for grounds for any defense in this action or which you expect to offer into evidence upon the trial of this action.

**RESPONSE:**

7.      All documents, photographs, drawings, sketches, writings, papers, and/or letters related to the subject matter of this suit in any manner whatsoever.

**RESPONSE:**

8.     Every photograph or other tangible thing of any nature whatsoever, depicting or showing the Plaintiff, including films, moving pictures or video tapes of the Plaintiff depicting the Plaintiff's injuries or the seriousness of the Plaintiff's injuries.

**RESPONSE:**

9.     Every book, document or other tangible thing of any nature whatsoever, including but not limited to, ex parte affidavits, statements in writing, all recorded statements which impeach or relate to the credibility of any witness who has knowledge of any facts regarding this case.

**RESPONSE:**

10.     Every accident report or other document of any nature whatsoever, which may be identified as an accident report, official or unofficial, or which is kept in the ordinary course of business by the Defendant.

**RESPONSE:**

11.     Any medical records or reports (excluding those produced by the Plaintiff to Defendant) that Defendant has received relating to the medical history and medical treatment of the Plaintiff.

**RESPONSE:**

12.     Every book, document or other tangible thing of any nature whatsoever which any representative of Defendant relied on in answering any interrogatories or reviewed in answering

Page **12** of 14

any interrogatories or from which you received any information in answering interrogatories not otherwise requested in this request for production of documents. Each and every document and/or record of whatever nature obtained by defense counsel by way of subpoena *duces tecum*.

**RESPONSE:**

13.    Any and all training materials including manuals, videos, books, or other materials used, including any and all safety training materials for employees of the Defendant.

**RESPONSE:**

## REQUESTS FOR ADMISSIONS

1.    Admit that the Defendant was properly named in the Plaintiff's Complaint.

**ANSWER:**


2.    Admit that you were properly served with Plaintiff's Complaint.

**ANSWER:**


3.    Admit that the incident/s referred to in the Complaint did, in fact, occur on the date and at

the place described in the Complaint.

**ANSWER:**


4.    Admit that the Defendant was negligent as alleged in the Plaintiff's Complaint.

**ANSWER:**


5.    Admit that the Defendant's negligence was a proximate cause of the alleged incident.

**ANSWER:**


SUSAN B. NIXON

By: _____
             **Of Counsel**

Jonathan R. Deloatche, *Esquire* [VSB#: 39765]
Joshua D. Barbosa, *Esquire* [VSB#: 95685]
Williams DeLoatche, P.C.
4092 Foxwood Drive
Virginia Beach, VA 23462
Phone: (757) 547-5555
*Facsimile*: (757) 547-5515
Email: *jdeloatche@wd-law.com*
Email: *jbarbosa@wd-law.com*